Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Attorney of Record: Amy Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLAUDE WISE, )<br><br>       Plaintiff )<br><br>       v. )<br><br>RTO NATIONAL, LLC, )<br><br>       Defendant )<br>_____ ) | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

CLAUDE WISE ("Plaintiff"), by and through his attorneys, Kimmel & Silverman, P.C., alleges the following against RTO NATIONAL, LLC ("Defendant"):

### INTRODUCTION

1.    Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331.  See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.    Defendant conducts business in the State of New Jersey, and as such, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     Plaintiff is a natural person residing in Woodbine, New Jersey 08270.

6.     Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.     Defendant is a business entity and national debt collector with a mailing address of 104 Mauldin Road, Greenville, South Carolina 29605.

8.     Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     At all relevant times, Defendant attempted to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

11.     Defendant placed repeated harassing telephone calls to Plaintiff on his cellular telephone number regarding an alleged debt.

12.     Upon information and belief, the calls related to an alleged personal debt.

13.     When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14.     Plaintiff knew that Defendant's calls were automated as they started with a noticeable pause or delay with no caller on the line and/or a pre-recorded voice before transferring to a live representative or terminating.

15.     Defendant's telephone calls were not made for "emergency purposes," but rather were placed with the intent of collecting a debt allegedly owed by Plaintiff.

16.     Shortly after the calls started, Plaintiff demanded that Defendant stop placing

calls to his cellular telephone and told them he disputed owing the debt.

17.    Defendant heard and acknowledged Plaintiff's request to stop calling, yet Defendant continued to call Plaintiff repeatedly.

18.    Defendant's actions as described herein were taken with the intent to harass, upset and coerce payment from Plaintiff.

19.    Plaintiff found Defendant's repeated calls to be invasive, harassing, annoying, frustrating, and upsetting.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

32.    Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33.    Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

34.    Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

35.    Defendant's calls to Plaintiff were not made for emergency purposes.

36.    After Defendant was told to stop calling, Defendant knew or should have known it did not have consent to call and that any consent it may have thought it had to call was revoked, yet Defendant intentionally and knowingly continued to place autodialed calls to Plaintiff's cellular telephone.

PLAINTIFF'S COMPLAINT

37.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

38.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

39.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, CLAUDE WISE, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    b.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3)

    e.    Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CLAUDE WISE, demands a jury trial in this case.

**CERTIFICATION PURSUANT TO L.CIV.R.11.2**

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

RESPECTFULLY SUBMITTED

Date:  2/28/20                    By: /s/ Amy L. Bennecoff Ginsburg
                                     Amy L. Bennecoff Ginsburg, Esq.
                                     Kimmel & Silverman, P.C.
                                     30 East Butler Pike
                                     Ambler, PA 19002
                                     Phone: 215-540-8888
                                     Fax: 877-600-2112
                                     Email: aginsburg@creditlaw.com

5